UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:18-cr-220-SPC-NPM

KHAI FRANCISCO VICTOR
MARRERO
                                    /

## **ORDER**

Before the Court is a letter filed on the docket by Defendant Khai Francisco Victor Marrero, which the Court construes as a *pro se* motion for compassionate release. (Doc. 67). The Government filed a response in opposition. (Doc. 72). For the following reasons, the motion is denied.

On April 3, 2019, Defendant pleaded guilty to a Superseding Information charging him with interference with commerce by robbery (Hobbs Act) and using, carrying, or possessing a firearm in furtherance of a violent crime stemming from his role in the armed robbery of a drug dealer in Fort Myers. (Docs. 35, 36, and 40). On July 15, 2019, the Court sentenced Defendant to a total term of imprisonment of 123-months, followed by three years of supervised release. (Doc. 53). That sentence included a downward departure reflecting Defendant's substantial assistance to the Government. (Docs. 51, 53). *See* U.S.S.G. § 5K1.1. Defendant is incarcerated at Allenwood Medium

FCI in White Deer, PA, and is projected to be released on January 14, 2028. (Doc. 72 at 1).

Defendant asks the Court for compassionate release because his mother has cancer. (Doc. 67). He explains that "she has no one there to help her but [his] little brother." (*Id.*). As further support for immediate release, Defendant states that he has served approximately six years of a ten-year sentence. (*Id.*).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which concerns compassionate release. A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," *and* (3) the "[18 U.S.C.] § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

A defendant seeking compassionate release "bears the burden of proving entitlement to [such] relief." *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). And a defendant moving a court for compassionate release may do so only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021).

After considering the parties' briefs, the record, and applicable law, Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. As an initial matter, he does not demonstrate that he sought relief from the Warden of his facility. (Doc. 67). The Government states that preliminary inquiries to BOP show no record of such a request. (Doc. 72 at 3 n.1). So Defendant has failed to prove that he met the exhaustion requirement of the compassionate release statute.

Next, U.S.S.G. § 1B1.13(b)(3)(C) provides that the incapacitation of a defendant's parent can only be an "extraordinary and compelling reason" to justify compassionate release when the defendant would be "the *only* available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added). In his motion, Defendant makes a single, bare-bones statement that his "little brother" is helping his mother. (Doc. 67 at 1).

In its response, the Government fleshes out the situation. (Doc. 72 at 3). According to the Final Presentence Investigation Report, Defendant's younger half-brother was fifteen at the time of Defendant's sentencing. This means he is at least twenty now. Defendant does not provide any facts that would

3

support the Court making a finding of extraordinary and compelling circumstances sufficient to grant compassionate release.

Finally, the § 3553(a) factors weigh against granting compassionate release. Defendant participated in an armed robbery during which the victim was shot in the chest, causing extensive injuries. (*See* Doc. 45 ¶¶ 24, 25, and 35). The Court concludes that granting Defendant compassionate release would not adequately punish him for his conduct, reflect the seriousness of his crime, or deter those considering engaging in similar crimes.

In conclusion, because Defendant has shown no extraordinary and compelling reasons for compassionate release, the Court denies his motion.

Accordingly, it is

**ORDERED**:

Defendant Khai Francisco Victor Marrero's Motion for Compassionate Release (Doc. 67) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on January 7, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record